**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RICHARD ZAKOSKY,

        Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,

        Agency.

DOCKET NUMBER
SF-1221-14-0280-W-1

DATE: August 5, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Richard Zakosky, San Diego, California, pro se.

Joan L. Liguoro, Esquire, Los Angeles, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his whistleblower retaliation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant is a Health Technician for the agency's San Diego Healthcare Medical Center. Initial Appeal File (IAF), Tab 4 at 4. On January 21, 2014, he filed a Board appeal, alleging that he was subject to whistleblower retaliation. IAF, Tab 1 at 4. The appellant indicated that he filed a complaint with the Office of Special Counsel (OSC) on October 3, 2013, but that he had not yet received a final OSC decision. *Id*. at 5. His appeal alleged that he reported misbehavior of his coworkers but was ambiguous as to what personnel action was taken in reprisal for that disclosure. *See id*. at 6 (alleging that he "was tooken out [sic] oct. [sic] 12th of 2013 for mental stress because of all the wrongdoing I saw . . . and transfered [sic] to an outside mental hospital for 6 days as an inpatient").

¶3        The administrative judge issued an acknowledgment order. IAF, Tab 2. He construed the appellant's claim as an individual right of action (IRA) appeal. *Id*. at 2. Accordingly, the judge provided a detailed explanation of the appellant's burden of proof regarding jurisdiction. *Id*. at 2-6. The acknowledgment order directed the appellant to file within 15 days argument and evidence to meet his burden of proving Board jurisdiction. *Id*. at 7-8. The appellant failed to submit any response. The agency moved to dismiss the appeal. IAF, Tab 5 at 6-7.

¶4　　　　Without holding the requested hearing, the administrative judge dismissed the appeal for lack of Board jurisdiction.  IAF, Tab 1 at 3, Tab 6, Initial Decision (ID).  He concluded that the appellant did not meet his jurisdictional burden because he failed to show that he had exhausted his administrative remedies with OSC.  ID at 4.  The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, and the agency has filed a response, PFR File, Tab 4.

¶5　　　　The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant has the burden of establishing the Board's jurisdiction by a preponderance of the evidence.[2]　5 C.F.R. § 1201.56(a)(2)(i).  In addition, there is no statutory requirement that the Board hold a hearing on the threshold issue of jurisdiction.  *Walker v. Department of Army*, 119 M.S.P.R. 391, ¶ 6 (2013).  However, if an appellant makes a nonfrivolous allegation[3] of jurisdiction, but a determination cannot be made based on the documentary evidence, the Board should hold an evidentiary hearing to resolve the jurisdictional question.  *Id.*

¶6　　　　The Board has jurisdiction over an IRA appeal if an appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  5 U.S.C. § 1214(a)(3); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  An appellant has not exhausted his OSC remedy unless he has filed a complaint with

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.56(c)(2).

[3] "Nonfrivolous allegations" are allegations of fact that, if proven, could establish that the Board has jurisdiction over the matter at issue.  *Walker*, 119 M.S.P.R. 391, ¶ 6, n.2.

OSC and either OSC has notified him that it was terminating its investigation of his allegations or 120 calendar days have passed since he first sought corrective action. 5 U.S.C. § 1214(a)(3); *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 8 (2010).

¶7    Below, the appellant alleged that he filed a complaint with OSC, but he failed to submit that complaint to the Board. *See* IAF, Tab 1 at 5. He also failed to present any other evidence or argument to nonfrivolously allege that he had exhausted his OSC remedy, despite the administrative judge's order directing him to do so. *See* IAF, Tab 2 at 7-8.

¶8    On review, the appellant completed a petition for review form. PFR File, Tab 1 at 2-4. We interpret this pleading liberally. *See Melnick v. Department of Housing & Urban Development*, 42 M.S.P.R. 93, 97-98 (1989), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table) (parties without the benefit of legal counsel are not required to plead the issues with the precision required of an attorney). The appellant alleges that he was denied the opportunity to submit evidence and have a hearing. PFR File, Tab 1 at 2. He also reiterates his earlier allegation that he was a whistleblower. *Id*. at 3.

¶9    Despite the appellant's assertions, the administrative judge not only provided him the opportunity to present evidence, the judge ordered him to present evidence and/or argument to meet his jurisdictional burden. *See* IAF, Tab 2 at 7-8. While the appellant rightly alleges that he was not provided a hearing, no hearing was required due to his failure to first present a nonfrivolous allegation of Board jurisdiction. *See Walker*, 119 M.S.P.R. 391, ¶ 6. The administrative judge again notified the appellant of his jurisdictional burden in the initial decision. ID at 3-4. Nevertheless, the appellant failed to present any evidence with his petition for review that he satisfied the threshold requirement of exhausting his administrative remedies with OSC. Moreover, we note that, even if the appellant made a protected disclosure, he failed to nonfrivolously

allege that he suffered a personnel action or that any protected disclosure was a contributing factor in the agency's decision to take or fail to take such an action.

¶10     Based upon the above, we deny the petition for review and affirm the initial decision to dismiss for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.